IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2021 JAN -8 P 2: 45

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DR. JANEL BELL-HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NUMBER** |
| vs. | ) | **21-** |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | 2:21-cv-18 |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now Plaintiff, Dr. Janel Bell-Haynes, by and through her attorneys of record, and for her Complaint against Defendant, Alabama State University, states the following:

## PRELIMINARY STATEMENT

1.     Plaintiff, a former employee of Defendant, seeks declaratory and injunctive relief, compensatory damages, backpay, frontpay and/or reinstatement, and all legally available relief from Defendant arising from Defendant's violations of the rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended by the Civil Rights Act of 1991 (hereinafter

1

"Title VII").   Specifically, Plaintiff alleges that the Defendant discriminated against her based upon her sex and retaliated against her in the terms and conditions of her employment in violation of Title VII.   The Plaintiff seeks compensatory damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §20000e, *et seq.*, as amended by the Civil Rights Act of 1991.

3.      Subject matter jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331, as the case arises under federal law and pursuant 42 U.S.C. §2000e, *et seq.*, 28 U.S.C. §1343 and 42 U.S.C. §1981a.

4.      This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b); the actions complained of occurred in this District, and all parties reside in this District.

5.      Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6.      Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §§1331 and 1343(4), and the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

Plaintiff timely filed her charge of sex discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed her claim of retaliation within 90 days of the receipt of her right-to-sue letter from the Department of Justice, Civil Rights Division.

## PARTIES

7.      Plaintiff, Dr. Janel Bell-Haynes (hereinafter "Plaintiff" or "Bell-Haynes"), is an African-American female citizen of the United States of American and a resident of the State of Alabama and of this Judicial District and Division. At all times relevant to this action, Plaintiff was employed by the Defendant in its Montgomery, Alabama location.

8.      Defendant Alabama State University ("ASU") is an employer within the meaning and coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended. Upon information and belief, Defendant ASU employed over 500 employees all times relevant to this lawsuit and continues to employ over 500 employees.

9.      Defendant ASU is a public university doing business within this District and Division.

10.      At all relevant times, Plaintiff was an employee of Defendant ASU

within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended.

## FACTS

11.    In November of 2019, Plaintiff was employed at Alabama State University ("ASU") as an Associate Professor of Marketing and the Chairperson of the Department of Business Administration.

12.    Plaintiff has a B.S. in Marketing from the Southern University, an MBA from the University of Akron, an EdD in Education, Leadership, Policy and Law from Alabama State University, and a Post-Doctoral Bridge Degree/Certificate in Marketing and Management from the University of Florida.   This Post-Doctoral Bridge Program ("PDB") is designed to specifically enable holders of non-business terminal degrees to achieve "doctorally qualified" status in their teaching area.

13.    From 1992 until 2003, Plaintiff taught at ASU as an Adjunct Instructor.

14.    In 2008, Plaintiff was hired as a full-time employee by ASU as the Acting Chairperson, Department of Business Administration, and Instructor of Marketing.

15.    In December 2013 (effective January 10, 2014), Plaintiff was hired as an outside candidate as an Assistant Professor of Marketing and awarded a contract that would be on the tenure track. The hiring memo also named Plaintiff as the

Chairperson of the Department of Business Administration.

16.     On May 2, 2019, Plaintiff was promoted to the rank of Associate Professor effective for Fall 2019.

17.     In the Spring of 2014, ASU placed Plaintiff on the tenure track.

18.     Plaintiff initially applied for tenure status in the 2017-2018 review cycle.   Despite Plaintiff meeting all of the qualifications for tenure, the male Dean and other males on the tenure review committee failed to follow ASU policies and Plaintiff was denied tenure in this review due to her gender, female.   The 2017-2018 review cycle for Plaintiff's tenure application was not handled pursuant to ASU policies and procedures and she was treated differently than the male applicants for tenure.

19.     Pursuant to ASU policies, Plaintiff appealed the denial of tenure in the 2017-2018 review cycle through ASU's appeals process to the Faculty Grievance Committee, and she complained of gender discrimination.   On August 13, 2018, the Faculty Grievance Committee agreed with Plaintiff's appeal and reported that it "found evidence the culture the College of Business Administration may lead to iniquitous outcomes in the promotion and tenure process" and recommended that an independent and impartial evaluation be conducted.   Despite these findings, ASU still upheld the recommendation of the male Dean of the College of Business

Administration to deny Plaintiff tenure.

20.     Instead of pursuing a gender discrimination claim on the denial of tenure in the 2017-2018 review cycle, Plaintiff made the decision that even though she was qualified for tenure, she would reapply in the next review cycle since she was entitled to do so.   Plaintiff hoped to prevent being retaliated against and/or being treated differently in her employment by not filing a formal complaint of gender discrimination.

21.     Pursuant to ASU policy, Plaintiff reapplied for tenure in the 2018-2019 review cycle.   As with Plaintiff's last application for tenure, she was fully qualified and met and/or exceeded all the requirements for tenure.

22.     Once again, the male Dean and other males on the tenure review committee failed to follow ASU policies and denied Plaintiff tenure due to her gender, female.   Plaintiff was treated differently than the male applicants for tenure.

23.     Pursuant to ASU policy, Plaintiff again appealed the denial of tenure in the 2018-2019 review cycle through ASU's appeals process to the Faculty Grievance Committee, and she again complained of gender discrimination.   Plaintiff followed the ASU's appeal process and appealed her denial of tenure on several grounds, including the discriminatory scoring of the dossier by the members of the tenure review committee.

24.    On or about May 6, 2019, Plaintiff received a letter from ASU informing her that she was being issued a terminal contract for the 2019-2020 academic year (meaning her employment would end in May 2020) since she had not obtained tenure. However, ASU policy states that Plaintiff has six years in which to obtain tenure.

25.    Since Plaintiff's first full time contract as a professor was in January 2014, she had not completed her sixth year of employment when she received the May 6, 2019 letter, and she should be allowed to reapply for tenure in Fall of 2019. This letter was the formal notification to Plaintiff from ASU that she was being denied tenure in her 2018-2019 review cycle.

26.    On or about May 7, 2019, Plaintiff received a letter from ASU informing her that she had been promoted to the rank of Associate Professor. The degree requirements for this promotion were the same as the degree requirements for obtaining tenure.

27.    After she received the two May 2019 letters from ASU, Plaintiff initiated her appeal process for the denial of tenure. Plaintiff's appeal letter was incorrectly dated as April 23, 2019.

28.    Plaintiff also filed a grievance regarding the notification of the terminal contract and the incorrect calculation of the number of years she had been a tenure-

track faculty member of ASU.

29.     On or about August 13, 2019, the Faculty Grievance Committee issued a finding to the President and Interim Provost of ASU finding in favor of Plaintiff on her grievance regarding the incorrect calculation of the number of years she had been a tenure-track faculty member.   The Faculty Grievance Committee agreed with Plaintiff "that her contract for the 2019-2020 academic year should be classified as 'probationary' rather than 'terminal'", and further that she was "in her sixth probationary year, and is therefore entitled to apply once more for tenure if she so chooses."

30.     On or about August 29, 2019, the Faculty Grievance Committee issued a finding to the President and Interim Provost of ASU finding in Plaintiff's favor and recommending that she be given tenure.   The Faculty Grievance Committee found that the same male Dean and the male tenure review committee members violated ASU's policies for Plaintiff's scoring.   The Faculty Grievance Committee informed ASU that some of the male tenure review committee members

> "conducted their review of Dr. Bell-Haynes's dossier in a manner which is not consistent with the practices outlined in the Faculty Handbook. Moreover, there is a clear possibility that this was not an innocent mistake, but rather, a strategy to have an adverse impact upon Dr. Bell-Haynes's tenure application."

31.     On or about September 17, 2019, Plaintiff received a letter via

8

electronic mail, notifying her that ASU was upholding the recommendation of the male Dean of the College of Business Administration to deny her tenure. ASU denied Plaintiff tenure due her gender, and in retaliation for her complaints of gender discrimination. ASU also denied Plaintiff's objections to it giving her the terminal contract and this denial was due to her gender, female, and in retaliation for her complaints of gender discrimination.

32.    Upon information and belief, all male professors who have applied for tenure in the College of Business Administration have been awarded tenure. Some of these male professors who have been awarded tenure did not meet all the qualifications as outlined by ASU policies to obtain tenure.

33.    Female professors have been held to higher standards and qualifications for tenure than the male professors.

34.    The male Dean of the College of Business Administration has made discriminatory comments about the female employees in the College and he openly exhibited behavior of perceiving male employees as superior to female employees in work assignments, teaching assignments, pay, discipline and other conditions of Plaintiff's employment.

35.    The male Dean of the College of Business Administration has also expressed his desire to terminate all female professors in the Business

Administration Department.

36.     Plaintiff attempted to follow ASU's policies and procedures and appealed her denial of tenure and the awarding of the terminal contract up the chain of command to the Board of Trustees, and she also complained of gender discrimination and retaliation.   On or about December 4, 2019, Plaintiff provided her appeal letter to the Academic Affairs Committee of the Board of Trustees and to all Board of Trustee Members.

37.     Before an applicant can be granted tenure status at ASU, the Board of Trustees must vote and approve the granting of tenure to each applicant going through the process.

38.     ASU continued to deny Plaintiff's appeal and complaints of gender discrimination.   ASU continued to deny Plaintiff her tenure status, and refused to withdraw the terminal contract awarded to Plaintiff, which would end her employment in May 2020.

39.     ASU continued to deny Plaintiff's appeals on the denial of tenure and the decision to award her the terminal contract ending her employment in May 2020.

40.     Despite her appeals, Plaintiff's employment with ASU was set to end in May 2020 and she was going to lose her job and benefits.   On or about January 6, 2020, Plaintiff was forced to accept a lesser position with another institution so

that she would not lose this opportunity for employment with benefits.  Plaintiff informed ASU that she was continuing her appeals, but that she was being forced to leave early since her employment would end in May 2020 if she did not win her appeals.  Plaintiff also informed ASU that she was still pursuing her appeals and was willing to return to work at ASU if she did win her appeals on the denial of tenure and the awarding of the terminal contract.

41.    Throughout Plaintiff's employment with ASU, she was discriminated against and treated differently in the terms and conditions of her employment because of her gender, female.  Plaintiff was also retaliated against for protesting gender discrimination.  All the above-described conduct by ASU was in violation of Title VII, as amended.

42.    On information and belief, Plaintiff believes she was given the terminal contract and non-renewed because of her sex, female, and in retaliation for complaining about gender discrimination.

43.    In their actions toward Plaintiff as described above, Defendant ASU acted willfully, intentionally and with callous and reckless indifference to Plaintiff's federally protected rights under Title VII.

44.    Defendant's denial of tenure to Plaintiff and its termination of and retaliation against Plaintiff caused her to suffer loss of income, loss of job benefits,

11

economic losses, damaged her professional reputation and career, and severe humiliation, mental distress and emotional suffering.

**COUNT ONE**
**Claim for Discrimination in Violation of Title VII**
**(Denial of Tenure)**

45.    Plaintiff re-alleges, adopts, and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

46.    As set out in detail above, Defendant intentionally, maliciously, and unlawfully discriminated against Plaintiff on the basis of sex in violation of Title VII by denying Plaintiff tenure on the basis of sex, and by subjecting her to disparate treatment in the terms and conditions of her employment. Defendant ASU intentionally violated Plaintiff's rights pursuant to Title VII.

47.    All acts of discrimination were done intentionally, willfully with malicious and/or reckless disregard for the rights of Plaintiff.

48.    In taking the above-described actions, Defendant ASU intentionally, unlawfully discriminated against Plaintiff on the basis of her sex in violation of Title VII.  The actions of Defendant were taken intentionally, with malice or reckless indifference to the federally protected rights of Plaintiff.

49.    As a proximate consequence of Defendant ASU's actions and the violations of Title VII, Plaintiff has suffered, and will continue to suffer, lost income

and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

50.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's conduct as set forth herein unless enjoined by this Court.

51.     Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is her only means of securing adequate relief.

52.     As set out in detail above, the Defendant knew, or should have known, of the sexual discrimination and condoned, ratified and otherwise allowed the sexual discriminatory behavior to continue.

53.     Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy, practice, or custom to allow and condone sexual discrimination in deliberate indifference to rights of Plaintiff.

54.     Plaintiff has satisfied all administrative prerequisites to bringing this claim:

A.     Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on November 1, 2019, which was filed within 180 days of the commission of the unlawful employment

13

practices alleged herein.   (See attached Exhibit "A").

B.      On or about October 14, 2020, the U.S. Department of Justice, Civil

Rights Division, issued to Plaintiff a Notice of Right to Sue on her EEOC Charge.

(See attached Exhibit "B").

C.      This complaint has been filed within 90 days of Plaintiff's receipt of

the notification of Right to Sue letter on her EEOC Charges from the U.S.

Department of Justice, Civil Rights Division.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the

following relief after a trial by jury:

A.      Grant Plaintiff a declaratory judgment that the practices complained of

herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and

the amendments thereto;

B.      Grant Plaintiff an order enjoining Defendant and all persons acting in

concert with Defendant from engaging in discriminatory and/or retaliatory

employment practices;

C.      Grant Plaintiff tenure status (with full reinstatement) which was

discriminatorily denied;

D.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits,

damages, backpay in the amount she would have earned but for the but for the

14

unlawful retaliatory and/or discriminatory practices of Defendant, and reinstatement to the job positions from which she was discriminatorily terminated or non-renewed, or in the alternative, frontpay;

E.      Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G.      Award such other relief as may be appropriate.

## COUNT TWO
### Claim for Discrimination in Violation of Title VII
### (Termination/Awarding of Terminal Contract for 2019-2020)

55.     Plaintiff re-alleges, adopts, and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

56.     As set out in detail above, Defendant intentionally, maliciously, and unlawfully discriminated against Plaintiff on the basis of sex in violation of Title VII by awarding her a "terminal" contract instead of a "probationary" contract for the 2019-2020 school term, which denied her the ability to reapply for tenure, on the

15

basis of sex, and by subjecting her to disparate treatment in the terms and conditions of her employment.   The awarding of the terminal contract terminated Plaintiff's employment in May 2020.   Defendant ASU intentionally violated Plaintiff's rights pursuant to Title VII.

57.   All acts of discrimination were done intentionally, willfully with malicious and/or reckless disregard for the rights of Plaintiff.

58.   In taking the above-described actions, Defendant ASU intentionally, unlawfully discriminated against Plaintiff on the basis of her sex in violation of Title VII.   The actions of Defendant were taken intentionally, with malice or reckless indifference to the federally protected rights of Plaintiff.

59.   As a proximate consequence of Defendant ASU's actions and the violations of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

60.   Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's conduct as set forth herein unless enjoined by this Court.

61.   Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an

16

injunction, and compensatory damages is her only means of securing adequate relief.

62.   As set out in detail above, the Defendant knew, or should have known, of the sexual discrimination and condoned, ratified and otherwise allowed the sexual discriminatory behavior to continue.

63.   Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy, practice, or custom to allow and condone sexual discrimination in deliberate indifference to rights of Plaintiff.

64.   Plaintiff has satisfied all administrative prerequisites to bringing this claim:

A.   Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on November 1, 2019, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.   (See attached Exhibit "A").

B.   On or about October 14, 2020, the U.S. Department of Justice, Civil Rights Division, issued to Plaintiff a Notice of Right to Sue on her EEOC Charge. (See attached Exhibit "B").

C.   This complaint has been filed within 90 days of Plaintiff's receipt of the notification of Right to Sue letter on her EEOC Charges from the U.S. Department of Justice, Civil Rights Division.

17

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.      Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B.      Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and/or retaliatory employment practices;

C.      Grant Plaintiff reinstatement to her position, with full benefits, from which she was discriminatorily and/or retaliatory terminated, non-renewed, denied, and/or demoted;

D.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, backpay in the amount she would have earned but for the but for the unlawful retaliatory and/or discriminatory practices of Defendant, and reinstatement to the job positions from which she was discriminatorily terminated or non-renewed, or in the alternative, frontpay;

E.      Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career

opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G.      Award such other relief as may be appropriate.

## COUNT THREE
### Claim for Retaliation in Violation of Title VII
### (Denial of Tenure)

65.     Plaintiff re-alleges, adopts, and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

66.     As set out in detail above, Plaintiff was fully qualified for and met the requirements to be awarded tenure status.   Plaintiff performed all of her job duties in a satisfactory manner.

67.     The denial of tenure status to Plaintiff was done in retaliation for Plaintiff's protected activity, i.e., her appeals and complaints of gender discrimination for the previous denial of tenure in the 2017-2018 review cycle, and her continued complaints regarding denial of tenure in the 2018-2019 review cycle and continued discrimination.   As such, that denial of tenure violated the anti-retaliation provisions of Title VII.

68.     Plaintiff complained about the discrimination and retaliation against her

and ASU failed to take corrective actions to prevent the discrimination and retaliation.   Defendant ASU's actions are in violation of Title VII.

69.   As set out in detail above and in taking the above-described actions, Defendant ASU has intentionally retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended, for Plaintiff engaging in protected activity and/or protected speech under Title VII, exercising her federally protected rights under Title VII to oppose unlawful gender discrimination under Title VII or what she in good faith and reasonably believed was unlawful gender discrimination under Title VII, and/or exercising her federally protected rights under Title VII to oppose unlawful employment practices under Title VII or was he in good faith believed to be unlawful employment practices under Title VII.   Employees who have not opposed such discrimination have not been treated in a similar manner as Plaintiff.   The actions of Defendant ASU were taken intentionally or with malice or reckless indifference to the federally protected rights of Plaintiff.

70.   Defendant ASU's actions were in violation of Title VII.

71.   As a proximate consequence of Defendant ASU's actions and the violations of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience,

20

humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

72.    The retaliation against Plaintiff was ongoing and of a continuous nature.

73.    Plaintiff has satisfied all administrative prerequisites to bringing this claim:

A.    Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on November 1, 2019, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.   (See attached Exhibit "A").

B.    On or about October 14, 2020, the U.S. Department of Justice, Civil Rights Division, issued to Plaintiff a Notice of Right to Sue on her EEOC Charge. (See attached Exhibit "B").

C.    This complaint has been filed within 90 days of Plaintiff's receipt of the notification of Right to Sue letter on her EEOC Charges from the U.S. Department of Justice, Civil Rights Division.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.    Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and

21

the amendments thereto;

B.      Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and/or retaliatory employment practices;

C.      Grant Plaintiff tenure (with full reinstatement) which she was retaliatory and/or discriminatorily denied;

D.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, backpay in the amount she would have earned but for the but for the unlawful retaliatory and/or discriminatory practices of Defendant, and reinstatement to the job positions from which she was discriminatorily terminated or non-renewed, or in the alternative, frontpay;

E.      Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G.      Award such other relief as may be appropriate.

22

## COUNT FOUR
### Claim for Retaliation in Violation of Title VII
### (Termination/Awarding of Terminal Contract for 2019-2020)

74.    Plaintiff re-alleges, adopts, and incorporates the forgoing paragraphs 1 through 44 as though recopied and restated herein in full.

75.    Plaintiff performs all her job duties and responsibilities in a satisfactory manner.  Pursuant to ASU policy and custom, Plaintiff was in sixth probationary year, and as such was entitled to apply once more for tenure status.

76.    Plaintiff's awarding of the terminal contract for 2019-2020 ending her employment in 2020 was done in retaliation for Plaintiff's protected activity, i.e., her appeals and complaints of gender discrimination for the previous denial of tenure in the 2017-2018 review cycle and for the 2018-2019 review cycle.   As such, that termination violated the anti-retaliation provisions of Title VII.

77.    Plaintiff complained about the discrimination and retaliation against her and Defendant ASU failed to take corrective actions to prevent the discrimination and retaliation.   Defendant ASU's actions are in violation of Title VII.

78.    As set out in detail above and in taking the above-described actions, Defendant ASU has intentionally retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, for Plaintiff

23

engaging in protected activity and/or protected speech under Title VII, exercising her federally protected rights under Title VII to oppose unlawful gender discrimination under Title VII or what she in good faith and reasonably believed was unlawful gender discrimination under Title VII, and/or exercising her federally protected rights under Title VII to oppose unlawful employment practices under Title VII or what she in good faith believed to be unlawful employment practices under Title VII.  Employees who have not opposed such discrimination have not been treated in a similar manner as Plaintiff.   The actions of Defendant ASU were taken intentionally or with malice or reckless indifference to the federally protected rights of Plaintiff.

79.   Defendant ASU's actions were in violation of Title VII.

80.   As a proximate consequence of Defendant ASU's actions and the violation of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages.

81.   The retaliation against Plaintiff was ongoing and of a continuous nature.

82.   Plaintiff has satisfied all administrative prerequisites to bringing this claim:

24

A.     Plaintiff timely filed her charge of said discrimination with the Equal Employment Opportunity Commission against Defendant on November 1, 2019, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.   (See attached Exhibit "A").

B.     On or about October 14, 2020, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue on her EEOC Charge. (See attached Exhibits "B").

C.     This complaint has been filed within 90 days of Plaintiff's receipt of the notification of Right to Sue letter on her EEOC Charges from the U.S. Department of Justice, Civil Rights Division.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.     Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B.     Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and/or retaliatory employment practices;

C.     Grant Plaintiff reinstatement to her position, with full benefits, from

25

which she was retaliatory and/or discriminatorily terminated, non-renewed, denied, and/or demoted;

D.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, backpay in the amount she would have earned but for the unlawful discriminatory and/or retaliatory practices of Defendant, and reinstatement to the job positions from which she was discriminatorily and/or retaliatorily terminated, denied and/or demoted, or in the alternative, frontpay;

E.      Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress, emotional pain, inconvenience, humiliation, damage to her professional life and future career opportunities, loss of enjoyment, loss of reputation, and other injuries and compensatory damages;

F.      Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

G.      Award such other relief as may be appropriate.

**RESPECTFULLY SUBMITTED** this the ___7th___ day of January 2021.


**CANDIS A. MCGOWAN**
**LACEY K. DANLEY**
Attorneys for Plaintiff
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
T: (205) 314-0500
F: (205) 254-1500


## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY STRUCK JURY


**CANDIS A. MCGOWAN**
Attorney for Plaintiff


**DEFENDANT'S ADDRESS**
To Be Served by Certified Mail

Alabama State University
P.O. Box 271
915 S. Jackson Street
Montgomery, AL 36104

27