IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. JANEL BELL-HAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 2:21-cv-18-ECM |
| | ) (WO) |
| ALABAMA STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on the Defendant's bill of costs (doc. 43) and the Plaintiff's objections to the bill of costs. (Doc. 44).  The Court granted the Defendant's motion for summary judgment in this employment discrimination action and dismissed all claims against the Defendant. (Doc. 40).  The Court entered final judgment on March 15, 2023, and taxed costs against the Plaintiff. (Doc. 41).  As the prevailing party, the Defendant filed its bill of costs on March 31, 2023, wherein it requested an award of costs in the amount of $10,017.03. (Doc. 43).  The Plaintiff objected to the bill of costs as being untimely and unreasonable. (Doc. 44).  In its response to the Plaintiff's objections, the Defendant agreed to revise its costs to $7,333.30. (Doc. 46 at 4).  This matter is fully briefed and ripe for resolution.  For the reasons that follow, the Court will sustain in part and overrule in part the Plaintiff's objections and will award the Defendant costs as set forth herein.

## II.  DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows the Defendant to recover costs as the prevailing party. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *U.S.E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). But "absent explicit statutory or contractual authorization," the Defendant can only recover costs that are listed in 28 U.S.C. §§ 1821 and 1920. *Arcadian*, 249 F.3d at 1296 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"A [federal] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini Street, Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 878 (2019) (alteration added).  Section 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441.  Thus, taxable costs are limited to those items listed in 28 U.S.C. § 1920:

>  (1) Fees of the clerk and marshal;
>  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>  (3) Fees and disbursements for printing and witnesses;
>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>  (5) Docket fees under section 1923 of this title; [and]
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**A.     Timeliness**

The Plaintiff first objects to the Defendant's bill of costs on timeliness grounds. She argues that, according to Federal Rule of Civil Procedure 54(d)(1), the prevailing party must file a bill of costs within fourteen days after final judgment in a case. The Defendant's bill of cost—entered on March 31, 2023—came sixteen days after the March 15, 2023, final judgment in this case.

As the Defendant notes, however, Rule 54(d)(1) "does not impose a specific deadline on the prevailing party by which to file a motion for costs; instead, the rule leaves it up to district courts' local rules to fill in the gap." *Snow v. Boston Mut. Life Ins. Co.*, 2014 WL 641879, at *2 (M.D. Ala. Feb. 19, 2014). The Federal Rules of Civil Procedure state that the court clerk "*may* tax costs on 14 days' notice." FED. R. CIV. P. 54(d)(1) (emphasis added). The relevant local rule, in this case, is "[t]he Middle District of Alabama's Local Rule 54.1," which "directs that requests for taxation of costs under Rule 54(d) shall be filed with the clerk within 35 days of entry of final judgment." *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1270 (11th Cir. 2021). According to the relevant local rule, then, the Defendant's bill of costs filed sixteen days after final judgment was timely filed within the thirty-five-day deadline. The Court therefore OVERRULES the Plaintiff's timeliness objection to the Defendant's bill of costs.

**B.      Fees for Copying and Scanning**

The Defendant seeks costs of making copies and scans of materials in the amount of $694.20.[1] The Defendant charged 2314 pages at a rate of $0.20 per page for copying and $0.10 for scanning. The Plaintiff argued that the Defendant has not provided sufficient "detail for the large number of copying costs . . . costs without" descriptions "regarding the actual numbers of copies" made. (Doc. 48 at 1). In the alternative, the Plaintiff asks for the reproduction costs to be diminished to $462.80 because the costs for scanning—$231.40—was unnecessary given that all documents and pleadings produced in this case were in scanned format. (*Id.* at 3).

Section 1920(4) permits the recovery of "[f]ees for exemplification and copies of papers *necessarily obtained* for use in the case." 28 U.S.C. § 1920(4) (emphasis added). The standard for determining whether photocopying costs should be awarded is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 624. Defense counsel represents to the Court "that the 2314 pages listed are the total of pages made for responses to plaintiff's discovery requests and ASU's motion for and reply in support of its summary judgment." (Doc. 46 at 2).

Upon the representation of counsel, the Court finds that the number of copies were reasonably necessary for its defense. *See W&O, Inc.*, 213 F.3d at 624. The Court overrules the Plaintiff's objections to copying costs and will award $462.80 for these

---

[1] The Defendant initially requested $2,348.30 in copying and scanning fees. However, in response to the Plaintiff's objections, it "revise[d] its rates per page for reproduction of documents" to match the rate requested by the Plaintiff. (Doc. 46 at 2). As a result, the Defendant now seeks $694.20 in copying and scanning fees.

costs. However, the Court will sustain the Plaintiff's objection to the cost of $231.40 for scanning costs because any scans in this case were unnecessary because all documents were already copied and first produced in scanned format.

**C.      Fees for Transcripts**

The Defendant seeks $6,639.10 for transcripts obtained during the course of this litigation.[2] Costs incurred for taking depositions are properly taxable, but the Court will disallow any duplicative copies or expedited copies. *See W&O, Inc.*, 213 F.3d at 620. The Plaintiff objects to the high cost of the Plaintiff's deposition without explanation, and that the Plaintiff was deposed as an expert witness even though she did not serve as an expert witness in this case.

The Defendant submits to the Court the invoice verifying the cost of the Plaintiff's deposition in this matter was $2,535.20. (Doc. 43 at 3). Nowhere in this document does it indicate that the Plaintiff testified and was charged as an expert witness. And the Defendant provides verification from the company that produced the Plaintiff's deposition that there was "no expedited charges on [this] invoice," and that the "notation for expedited on the invoice was added in error." (Doc. 46-1 at 3). And so, based on the Defendant's representations, these are reasonable costs incurred, verified by invoices, for producing deposition transcripts in this matter. Thus, the Court will tax costs in the amount of $6,639.10 for fees for transcripts.

---

[2] The Defendant initially requested $7,668.73 in fees for deposition transcripts but in response to the Plaintiff's objections, acknowledged that it previously added costs for the "expedited delivery" of certain transcripts. (Doc. 46 at 3). It accordingly revised the transcript costs to be $6,639.10.

## III. CONCLUSION

Accordingly, for the reasons stated and for good cause, it is

ORDERED that the Plaintiff's objections to the bill of costs (doc. 44) are OVERRULED in part and SUSTAINED in part, and costs are TAXED against the Plaintiff in the amount of **$7,101.90**.

DONE this 17th day of July, 2023.

                                         /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE